IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **AMY N. WIEGARD,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil No. **04-419-CJP** |
| | ) |
| **KENNETH G. SMITH, M.D.,** | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant's Motion for Judgment as a Matter of Law in Accordance with His Prior Motions or, in the Alternative, Motion for New Trial.  **(Doc. 50)**.  Plaintiff has filed a response.  **(Doc. 51)**.

In deciding a motion for judgment as a matter of law, the court's inquiry is limited to "whether the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed in the light most favorable to the party against whom the motion is directed." ***Mathur v. Board of Trustees of Southern Illinois University*, 207 F.3d 938, 941 (7th Cir. 2000).**  The court may not, however, substitute its view of the evidence for that of the jury.  *Id.*

Defendant presents a number of general, boilerplate points that are not specific to this case.  These points are not supported by any argument or citation, and present nothing for review.  "Perfunctory and undeveloped" arguments are waived, as are points that are not supported by pertinent authority.  ***Smith v. Northeastern Illinois University*, 388 F.3d 559, 569 (7th Cir. 2004)**.

The only point that is supported by argument is that plaintiff failed to present sufficient expert testimony regarding the standard of care or establishing that defendant breached the standard.

The parties agree that the substantive law of this diversity case is Illinois law.  **See, Abbott Laboratories  v. Alpha Therapeutic Corporation**, **164 F.3d 385, 387 (7th Cir. 1999).** The elements of a medical malpractice case under Illinois law are (1) the relevant standard of care, (2) deviation from the standard of care by defendant, and (3) injury to plaintiff proximately caused by that deviation. ***Campbell v. U.S.*, 904 F.2d 1188, 1191 (7th Cir. 1990).**

In this case, the evidence was clear that defendant Dr. Smith, while performing a laparascopic cholecystectomy, cut the common bile duct mistakenly believing it was the cystic duct.  Defendant does not dispute that this occurred.

Plaintiff sought to establish the standard of care through the expert testimony of Mitchell Frost, M..D.  Dr. Frost described in detail the acceptable procedures to be used in performing a laprascopic cholecystectomy.  He testified that the standard of care requires the surgeon to definitely identify the anatomic structures, including the cystic duct and artery, before cutting. In order to remove the gallbladder, the surgeon is supposed to cut the cystic duct and cystic artery.  The common bile duct should not be cut.

Defendant argues that the evidence amounts to nothing more than evidence of a bad result, which is insufficient to make a case under Illinois law.  On the contrary, Dr. Frost testified in detail about the procedures that should be used by a surgeon to identify the anatomical structures.  Defendant argues that Dr. Frost's testimony was inadequate to establish negligence because Dr. Frost did not identify the technique that would have met the standard of care.  On

the contrary, the import of Dr. Frost's testimony was that there are a number of acceptable techniques; the critical point is not so much which technique the surgeon chooses, but that, no matter what technique is used, it is necessary to definitely identify the cystic duct before cutting. According to Dr. Frost's testimony, cutting the structure without such prior definite identification is negligence. Dr. Frost's testimony was legally sufficient to establish both the standard of care and breach thereof. Defendant is not entitled to Judgment as a matter of law.

Defendant moves in the alternative for a new trial under Fed.R.Civ.P. 59. A new trial may be granted if the verdict was against the weight of the evidence, the damages are excessive, or the trial was, for some other reason, unfair. ***Krocka v. City of Chicago***, **203 F.3d 507, 515 (7th Cir. 2000).** Defendant has not demonstrated any of these circumstances here. As is noted above, defendant's motion consists primarily of a laundry list of perfunctory points, none of which serve to demonstrate grounds for a new trial.

For the foregoing reasons, defendant's Motion for Judgment as a Matter of Law in Accordance with His Prior Motions or, in the Alternative, Motion for New Trial **(Doc. 50)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: March 19, 2007.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**